UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | EDCV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Brian Neil Hoff sued Defendants Walt Disney Pictures, ABC, Inc., Buena Vista Home Entertainment, Inc., Disney Consumer Products, Inc., Disney Consumer Products and Interactive Media, Inc., Buena Vista Books, Inc., and Disney Interactive Studios, Inc., asserting claims for copyright infringement, breach of implied contract, unfair competition, conversion, and breach of confidence. (First Am. Compl. ("FAC"), Dkt. No. 18.) Essentially, Plaintiff alleges Defendants' animated motion film *Zootopia* copied certain copyrighted elements of Plaintiff's original screenplay *Secret Agent 00K9*. Defendants now move to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Mot., Dkt. No. 19.)

The Court GRANTS Defendants' motion without leave to amend. The Court will enter a simple judgment.

# 1. JUDICIAL NOTICE

Defendants ask that the court judicially notice two things. (Request for Judicial Notice, Dkt. No. 20 at 2.) First, Defendants want the Court to judicially notice the animated motion picture film *Zootopia*, claiming judicial notice is "warranted because Plaintiff refers extensively to . . . *Zootopia*" in the operative complaint. (*Id.*) Second, Defendants request that the Court judicially notice "two images authored by third-party internet fans of the motion picture and embedded in Plaintiff's [FAC]." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

The Court need not take judicial notice of these items because they are referenced in Plaintiff's FAC. When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider documents "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Such is the case here. The Court notes, however, that Plaintiff has since withdrawn the two internet fan art images from his FAC. (*See* Opp'n, Dkt. No. 24 at 25 n.9.) So the Court doesn't consider these images in its analysis of the pending motions.

## 2. BACKGROUND

The following facts are taken from Plaintiff's FAC and, for purposes of this motion, the Court assumes they're true.

Plaintiff Brian Hoff is an author and screenwriter. (FAC at ¶ 1.) In 2007, Plaintiff wrote the original screenplay titled *Secret Agent 00K9* ("*00K9*"), which is about "various animal characters who follow clues to solve a crime." (*Id.* at ¶¶ 1-2.) Plaintiff owns copyrights to the *00K9* screenplay, any derivative graphic novels, and the anthropomorphic characters appearing in *00K9*. (*Id.* at ¶ 2.)

Plaintiff alleges that sometime after completing *00K9,* he contacted Defendants to pitch them the project. (*Id.* at ¶ 3.) Plaintiff claims he had "numerous" conversations with Defendants. (*Id.* at ¶¶ 3, 4.) Plaintiff even claims that he gave Defendants access to his secure website so they could review his screenplay, as well as Plaintiff's descriptions and renderings of the various characters featured in the screenplay. (*Id.* at ¶ 3.) But Defendants ultimately decided not to proceed with *00K9*. (*Id.* at ¶ 4.)

Then, in 2016, Defendants released the animated film *Zootopia*, which also involved anthropomorphic animals investigating crime. (*Id.* at ¶¶ 6-7). Following *Zootopia*'s release, Defendants published a series of *Zootopia*-related books, which allegedly contain many of Plaintiff's copyrighted characters and other copyright-protected elements. (*Id.* at ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

Based on these and other facts, Plaintiff sued Defendants, asserting claims for copyright infringement, breach of implied contract, unfair competition, conversion, and breach of confidence. Defendants now move to dismiss Plaintiff's claims under Rule 12(b)(6).

## 3. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing the complaint's sufficiency, a court must accept "all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## 4. ANALYSIS

### 4.1 Copyright Infringement

Before diving into the factual sufficiency of Plaintiff's copyright claim, the Court addresses a few disputed areas of law. First, Plaintiff thinks his copyright claim is governed by a more "relaxed" pleading standard such that Plaintiff "need not identify similarities or other details of the [alleged] infringement in [his] pleadings." (Opp'n at 9-10.) But it's well established that, in the Ninth Circuit, Plaintiff must plausibly allege substantial similarity between the two works to sustain his copyright claim. *See, e.g.*, *Rentmeester, v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018). The many district court cases Plaintiff cites to support a different view all predate the *Rentmeester* decision and are otherwise unconvincing. (*See* Opp'n at 10-11.) Second,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

Plaintiff says his burden of showing substantial similarity is lessened by the substantial access Defendants allegedly had to Plaintiff's copyrighted materials. (*Id.* at 19.) But again, Plaintiff is at odds with clear Ninth Circuit precedent, which plainly holds that "[t]he showing of substantial similarity necessary to prove unlawful appropriation [and, by extension, copyright infringement,] does not vary with the degree of access the plaintiff has shown." *Rentmeester*, 883 F.3d at 1124.

The Court moves on to the merits. Though copyright claims involve several elements, the only element at issue here is unlawful appropriation. (*See* Mot. at 7, n.4.) To show unlawful appropriation, Plaintiff must plausibly allege substantial similarity between the two works. *Id.* at 1117. "In the [Ninth] [C]ircuit, determining whether works are substantially similar involves a two-part analysis consisting of [an] 'extrinsic test' and [an] 'intrinsic test.'" *Id.* The extrinsic test measures the "objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression" *Id.* (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). The intrinsic test, on the other hand, "requires a more holistic, subjective comparison of the works to determine whether they are substantially similar in "total concept and feel." *Rentmeester*, 883 F.3d at 1117 (quoting *Cavalier*, 297 F.3d at 822). On a motion to dismiss, the Court can determine whether the extrinsic test has been met as a matter of law. *Id.* at 1118.

Here, Defendants argue Plaintiff's copyright claim fails as a matter of law because Plaintiff can't show substantial similarity under the extrinsic test. (Mot. at 8.) The Court agrees. Considering all the protectable elements in Plaintiff's copyrighted works, including "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events," as well as the selection, combination, and arrangement of unprotectable elements, the Court finds insufficient similarity between the two works. *See Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (internal quotations omitted). A few examples bear mention here.

First, the plot. *00K9* is about a dog who's a retired spy for the spy agency TerrierDyne and who's ousted out of retirement to help investigate the theft of a missing dog collar containing the key to finding the world's largest diamond. (*See generally* FAC at Exh. A.) *Zootopia*, on the other hand, is about a bunny cop who partners with a con-artist fox to solve a missing-animal crime and defeat a sheep's mischievous plan to seize political control of Zootopia. (*See* Mot. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

1.) As these descriptions reveal, the overarching storylines involved in *00K9* and *Zootopia* are very different. Sure, both plots rely entirely on crime-fighting anthropomorphic animals to portray the underlying stories. But the concept of anthropomorphic animals—even anthropomorphic animals who fight crime—is a high-level, basic plot idea not subject to copyright protection. *Cf. Benay v. Warner Bros. Entertainment, Inc.*, 607 F.3d 620, 625; *Funky Films*, 462 F.3d at 1081; *Berkic v. Chrichton*, 761 F.2d 1289, 12993 (9th Cir. 1985). Ruling otherwise would have the peculiar result of giving Plaintiff a monopoly over all animated films involving crime-fighting, talking animals.

Despite this, Plaintiff argues that, even if the "totality of the story" is different between the two works, there are discrete "vignette[s]" and "segment[s]" of both plots that are substantially similar and thus show infringement. (Opp'n at 17.) Specifically, Plaintiff asserts that *00K9* and *Zootopia* both contain scenes involving "dangerous chemicals," "gas masks," "thieves," "news anchors," characters "held against their will," "entertainers," "large police officers," "cars with tinted windows," "female villains . . . [with] handguns," "chase[s]," "cell phones and toilets," "abandoned" places, "island compounds," "scientist characters with . . . lab coats and . . . clipboards," "guard dog[s]," and a big celebration at the end of the movie. (FAC at ¶¶ 42-58, 60-82, 90; *see also* Opp'n at 17.) This list, though long-winded, is unpersuasive. For one, most of these purported similarities are *scenes-a-faire* typical of the spy-film genre. But also, these comparisons totally ignore the context and sequence of each scene. And when context and sequence are accounted for, it's clear that these discrete scenes and vignettes aren't really that similar at all. *Cf. Wilson v. Disney*, No. 14-cv-01441-VC, 2014 WL 4477391, at *1 (N.D. Cal. July 30, 2014) (denying motion to dismiss based on plaintiff's identification of a series of distinct plot similarities flowing in an identical sequence to those in defendant's work). Finally, any remaining plot similarities in *00K9* and *Zootopia* are greatly outweighed by the numerous and significant differences in the two plots. *See Benay*, 607 F.3d at 625 (finding "many more differences than similarities between Plaintiffs' Screenplay and Defendants' film"); *Funky Films, Inc.*, 462 F.3d at 1078 (finding no infringement where "an actual reading of the two works reveals greater, more significant difference sand few real similarities"). Thus, the plot fails to show substantial similarity under the extrinsic test for unlawful appropriation.

Next, characters. Plaintiff argues that specific character similarities in *00K9* and *Zootopia* also show substantial similarity between the two works. (Opp'n at 12-17.) In support, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

makes numerous character comparisons. (*See* FAC at ¶¶ 66-67, 70-73, 83-88.) For efficiency's sake, the Court only addresses the two most convincing character comparisons here. Plaintiff compares Agent 00K9 to *Zootopia*'s Nick Wilde. (FAC at ¶¶ 37-39.) Plaintiff says the two characters are substantially similar because both are canines that "walk upright," "speak with human ease," "wear human clothes," "confront human issues," "have human jobs," "solve crime with their human features," and have similar appearances, stances, attitudes, and mannerisms. (Opp'n at 14; FAC at ¶ 39.) But most of these alleged similarities describe anthropomorphic animals in general, and thus could be used to describe almost all the characters in *00K9* and *Zootopia*. The remaining "similarities" are unconvincing. Agent 00K9 is a dog and Nick Wilde is a fox, and their appearances very obviously reflect this reality. (FAC at ¶ 39, Ex. A at 8.) Plaintiff's intermediate copying argument doesn't alter this conclusion. *See Esplanade Prods., Inc. v. Walt Disney Company*, No. CV 17-02185 MWF (JCx), 2017 WL 5635027, at *18 (C.D. Cal. Nov. 8, 2017), *aff'd*, 768 Fed. App'x 732 (9th Cir. 2019) ; *see also Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1169 (C.D. Cal. 2016) ("[B]ecause published works cause injury under copyright law, courts consider the final version of a film, rather than unpublished scripts, when determining substantial similarity."), *aff'd*, 713 F. App'x 626 (9th Cir. 2018). Further, while Agent 00K9 is a savvy, James-Bond-type spy charged with leading the investigation into a missing dog collar, Nick Wilde is a con artist who is himself conned into assisting the main character with her investigation of a missing animal. (Mot. at 13.) So the characters' respective personalities and roles differ substantially, too.

The same can be said for the "villains" of both works: *00K9*'s Mitzy Flasher and *Zootopia*'s Mrs. Bellwether. Plaintiff argues these two characters are substantially similar because both characters are females wielding handguns who assist "more powerful male" characters. (FAC at ¶¶ 52, 62, 90; Opp'n at 15.) Plaintiff also points to the fact that both characters wear poufy hairstyles. (*Id.*) But again, this is insufficient to show substantial similarity. The fact that both characters are female, use handguns, and assist more powerful male characters flows from the basic premise of a crime-fighting movie and is thus unprotected. The similarity between their poufy hairstyles "flow[s] to some extent from their physical form" and, other than their hairstyles, the characters aren't visually similar. *See Esplanade*, 2017 WL 5635027, at *12. Mitzy Flasher is described as a "sexy African American standard poodle" with "curly black hair" who sometimes wears a "black helmet and black leather suit". (FAC at Ex. A at 2, 23, 31.) But Mrs. Bellwether is a white sheep who wears a black dress and has reading glasses. (Mot. at 16.) Each character's motive and roles are distinct, too: while Mrs. Bellwether schemes to upset

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

the delicate balance of political power in Zootopia, Mitzy Flasher's goal is to obtain "all the diamonds in the world." (Reply at 7; FAC at ¶ 61.) Thus, there are no character similarities between *00K9* and *Zootopia* showing substantial similarity under the extrinsic test. This conclusion holds regardless of whether these characters are viewed as graphic or literary works.

Finally, settings. Plaintiff asserts that *00K9* and *Zootopia* have substantially similar setting because both take place in an "animal-only society with no humans" and "feature specific climatological zones." (FAC at ¶ 37; Opp'n at 17.) This fails to show substantial similarity for several reasons. For one, the *00K9* screenplay explicitly references the existence of humans and therefore isn't really an animal-only society. (FAC at Exh. A at 65 ("Those crazy humans.").) And besides, the concept of an anthropomorphic animal-society is too generic to warrant copyright protection. *See Esplanade*, 2017 WL 5635027, at *12. Further, the fact that both works portray different locations with different weather patterns is also too generic to give rise to a claim for copyright infringement. *Cf. Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1159 (C.D. Ca. 2015) ("The mere fact that some portion of both works occurs in a city is generic and inconsequential, and thus fails to meet substantial similarity.") And the other handful of setting similarities Plaintiff points to, such as the presence of abandoned structures, island buildings, labs, gated estates, beaches, and laboratories, are stock settings that "naturally and necessarily flow[] from the basic plot premise." *Cavalier*, 297 F.3d at 824.

At bottom, Plaintiff hasn't shown the individual protectable elements of *00K9*, or the combination of *00K9*'s unprotected elements, are substantially similar to *Zootopia*. Consequently, Plaintiff fails to show unlawful appropriation: a necessary element for Plaintiff's copyright infringement claim. The Court thus determines, as a matter of law, that Plaintiff's copyright infringement claim must be dismissed.

### 4.2 Breach of Implied Contract

Plaintiff's implied contract claim is based on his belief that an enforceable, implied contract formed when Defendants decided to use the *00K9* screenplay and related works when making *Zootopia*. (FAC at ¶¶ 100-03.) *See also Benay*, 607 F.3d at 630. Defendants argue Plaintiff's implied contract claim is time-barred under California's two-year limitations period for contract claims and, thus, must be dismissed. (Mot. at 22-24.) *See* Cal. Civ. Code § 339(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

The Court agrees with Defendants. Implied contract claims accrue at the time of the alleged breach. *See In re Estate of Fincher*, 119 Cal. App. 3d 343, 344 (1981). And here, the alleged breach occurred in 2016, when Defendants released *Zootopia* in the United States. *See Benay*, 607 F.3d at 633 ("accrual date is the date on which the work is released to the general public"). Since Plaintiff didn't file this lawsuit until March 1, 2019, his implied contract claim is time-barred.

Still, Plaintiff insists his implied contract claim is timely because it's based partly on the subsequent sale of *Zootopia*-related books, which weren't published until March 2017. (Opp'n at 21; FAC at ¶¶ 8, 102.) But Plaintiff's position depends on a continuing violations theory, which, according to Defendants, doesn't apply to claims for breach of implied. (*See* Reply, Dkt. No. 25 at 11.) Defendants' cited authority supports such, at least where the implied contract claim arises from potential copyright infringement. *See Kourtis v. Cameron*, 419 F.3d 989, 1000-01 (9th Cir. 2005), *abrogated on other grounds by Taylor v. Sturgell*, U.S. 553 U.S. 880, 904 (2008); *see also Davis v. Krasna*, 14 Cal. 3d 502, 515 (1975).

In any case, Plaintiff's implied contract claim fails on its merits, too. To sustain his claim for breach of implied contract, Plaintiff must plausibly allege substantial similarity between *00K9* and *Zootopia*. *See Benay*, 607 F.3d at 631 ("The requirement of substantial similarity for implied-in-fact contract claims aligns this field with copyright infringement and also means that copying les than substantial material is non-actionable."); *see also Ryder v. Lighstorm Entm't, Inc.*, 246 Cal. App. 4th 1064, 1073 (2016) ("For implied contract . . . claims, the works must be substantially similar."). But this Court already determined as a matter of law that *00K9* and *Zootopia* aren't substantially similar. So Plaintiff's implied contract claim fails as well.

### 4.3 Conversion and Unfair Competition

Defendants argue Plaintiff's remaining state law claims for conversion and unfair competition are preempted by the Copyright Act. (Mot. at 24-25.) In the Ninth Circuit, a state law claim is preempted by the Copyright Act if "the subject matter of the state law claim fails within the subject matter of copyright[,]" and "the rights asserted under state law are equivalent to" those protected by copyright. *See Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). Just so here. Indeed, Plaintiff's conversion claim is premised on the allegation that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

"Defendants substantially interfered with Plaintiff's property by knowingly and/or intentionally stealing Plaintiff's plot, characters, and ideas and releasing their movie Zootopia, claiming it to be their own creation." (FAC at ¶ 110.) And Plaintiff's unfair competition claim is similarly based on the allegation that "Defendants stole Plaintiff's ideas, characters and movie plot through correspondence and by leading Plaintiff to believe that Defendants were interested in a collaborative effort in producing or distributing Plaintiff's film." (*Id.* at ¶ 106.) These allegations clearly show Plaintiff's claims for conversion and unfair competition involve the same subject matter and rights as his copyright claim. Consequently, these claims are preempted by the Copyright Act. *See Dielst v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996); *see also Adams v. Paramount Pictures Corp.*, No. CV 08-3897 SJO (PJWx), 2009 WL 10671572, at *3-5 (C.D. Cal. Jan. 6, 2009).

Despite this, Plaintiff says his conversion claim isn't pre-empted because "Defendants received an actual tangible item that was never returned to Plaintiff, his screenplay." (Opp'n at 22.) *See Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984) ("Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted.") But this argument is unconvincing. Though Plaintiff alleges Defendants received tangible copies of Plaintiff's screenplay, Plaintiff's conversion claim is, at its core, a claim for copyright infringement. (*See* FAC at ¶¶ 110-13.) Plaintiff isn't asserting, for example, that Defendant wrongfully withheld physical copies of Plaintiff's screenplay. *Compare Oddo*, 743 F.2d at 635. Rather, Plaintiff alleges Defendants converted Plaintiff's screenplay by misusing Plaintiff's intellectual property. Plaintiff's conversion claim is thus preempted. *See Dielsi*, 916 F. Supp. at 992 (finding the plaintiff's conversion claim preempted because "it makes the crucial allegation that Defendant shave wrongfully used and distributed Plaintiff's work of authorship"); *Adams v. Paramount Pictures Corp.*, No. CV 08-3897 SJO (PJWx), 2009 WL 10671572, at *3-5 (C.D. Cal. Jan. 6, 2009) (finding the plaintiff's conversion claim preempted where the "thrust of plaintiff's grievance is Defendants' improper possession, reproduction, and distribution o materials related to [his] intellectual property"); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822-23 (C.D. Cal. 1997) (same).

### 4.4 Breach of Confidence

Plaintiff has withdrawn his breach of confidence claim. (*See* Opp'n at 25, n.10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00665 AG (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | BRIAN NEIL HOFF ET AL. V. WALT DISNEY PICTURES ET AL. | | |

The Court thus GRANTS Defendants' motion to dismiss.

## 5. LEAVE TO AMEND

"A district court may deny a [party] leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibl[y] cure the deficiency . . . or if the [party] had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotes omitted); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

Leave to amend isn't appropriate under this standard. The Court has determined, as a matter of law, that *00K9* and *Zooptopia* aren't substantially similar. *See Rentmeester*, 883 F.3d at 1118. And Plaintiff's remaining state law claims are incurably time-barred, preempted, or fatally depend on Plaintiff's copyright claim.

The Court thus DENIES leave to amend.

## 6. DISPOSITION

The Court GRANTS Defendants' motion without leave to amend. The Court will enter a simple judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |